## J. S. PERRY ET AL V. CITY OF ROCKDALE.

### IN SUPREME COURT, TYLER TERM, 1884.

*Municipal Corporations—School Tax.*—Municipal corporations have the power to levy and collect a tax for the support of public free schools, when they have assumed control of such schools in accordance with the statute regulating that matter-

*Same—Election—Question Submitted.*—Where the question submitted at an election was : "Shall a tax of one-half of one per cent be levied and collected to support the public free schools", it is held that the proposition was for a specified per cent, and was a proper one under the statute.

*Poll-Tax.*—Cities and towns have the power to levy and collect a poll tax.

Appeal from Milam county.

The question of the power of municipal corporations to collect a

tax for the purpose of supporting public free schools, when they have assumed control of such schools in accordance with the provisions of the statute regulating that matter, was fully considered in the cases of The City of Fort Worth v. Doris, 57 Texas, 225 ; and Dwyer v. Hackworth, 57 Tex., 245 ; and it was there held that such power existed when the provisions of the statute were complied with, and we regard those cases as decisive of the question.

In this case the admitted facts show that the city of Rockdale had complied with the requirements of the statute in so far as to acquire the power to levy the tax, except it is contended that the proper question was not submitted to the vote of the people. The question submitted was : "Shall a tax of one-half of one per cent be levied and collected to support the public free schools."

The statute provides that "The proposition submitted may be for a tax not exceeding one-half of one per cent, or it may be for a specific per cent." (Gen. Laws, 1881, page 64.) The question submitted was : "Whether a tax of one-half of one per cent should be levied. This was for a specific per cent, and was authorized by the last member of the clause above copied.

The only other question necessary to be considered is : Has the legislature the power to authorize a municipal corporation to levy a poll tax ? Art. VIII, sec. 1 of the constitution expressly gives to the legislature power to impose a poll tax. Art. XI, sec 4, provides that towns and cities of the class to which the city of Rockdale belongs "May assess and collect an annual tax to defray the current expenses of the local government, but such tax shall never exceed for any one year one-fourth of one per cent." This ovidently refers to an *ad valorem* tax, and was not intended to operate as a denial of power to collect other classes of taxes ; for the same section recognizes the power of such cities and towns to collect other taxes as does section 1 of article VIII, which, to some extent, limits the power. The power of the legislature, unless restricted by some constitutional provision, to delegate its power to municipal corporations is thus stated by Mr. Dillon : "In the general power of the legislature, as well as in its power to create municipal corporations, may be found the right to authorize them, when created to *impose* or *levy local rates*, taxes and assessments upon their inhabitants, and upon all property within the limits of the designated taxing district, which is ordinarily coextensive with the territorial limits of the municipal.

ity. Indeed, it is one of the distinguishing features of our munici-
pal institutions that local rates shall be locally imposed by those who
have to pay them or bear their burden ; and this power, from very
early periods, has, in the different states, been constantly delegated
to, and exercised by the local authorities."

2 Dillon Municipal Corporations, sec. 793; Blessing v. Galveston,
42 Tex., 659; City of Marshall v. Sneideker, 25 Tex., 460; Burgess
v. Pue, 2 Gill, 19; Alexander et al v. Mayer & Co., Baltimore, 5
Gill, 389; Harrison v. Vicksburg, 3 S. & M., 585; State v. Aberdeen,
25 Miss., 491.

In reference to cities of that class to which the city of Rockdale
belongs, the legislature has declared that "the city council shall have
power to levy and collect an annual poll tax, not to exceed one dol-
lar, of every male inhabitant of said city over the age of twenty-
one years of age (idiots and lunatics excepted,) who is a resident
thereof at the time of such annual assessment. (Rev. Stats. 428.)

This statute confers the power as fully as the legislature possessed
it. It was held, however, that the ordinance under which the sev-
eral taxes, sought to be enjoined, were levied, was invalid, and the
court, therefore, modified the preliminary injunction granted, so as
to enjoin the collection of the taxes, levied under the insufficient or
invalid ordinance, and left the city free, should it see proper to do
so, to levy and collect under valid ordinance, like taxes as those en-
joined.

There is no error in the judgment and it is affirmed.

Stayton, J.